EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Guillermo García Colón<br><br>Peticionaria<br><br>v.<br><br>Oficina del Procurador de las Personas con Impedimentos<br><br>Recurrida | Certiorari<br><br>2016 TSPR 109<br><br>195 DPR ____ |
| --- | --- |

Número del Caso: CC-2015-933


Fecha: 25 de mayo de 2016


Tribunal de Apelaciones:

      Región Judicial de San Juan, Panel II


Abogado de la parte Peticionaria:

      Por derecho propio


Materia: Resolución del Tribunal con Voto Particular Disidente


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Guillermo García Colón

    Peticionario

       v.                  CC-2015-0933     *Certiorari*

Oficina del Procurador de las
Personas con Impedimentos

    Recurrida

RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de mayo de 2016.

Examinada la *Moción en Solicitud de Certificaciones y Traducciones in Forma Pauperis* presentada por el peticionario, se provee *No Ha Lugar*.

**Notifíquese inmediatamente por teléfono, facsímil o correo electrónico, y notifíquese posteriormente por la vía ordinaria.**

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez disiente. El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Guillermo García Colón<br><br>   Peticionario<br><br>      v.<br><br>Oficina del Procurador de las Personas con Impedimentos<br><br>   Recurrida | CC-2015-933 | Certiorari |

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 25 de mayo de 2016.

Hoy tuvimos la oportunidad de dar un paso adicional para fortalecer el reconocimiento del derecho de acceso a la justicia como un derecho fundamental. Esa garantía de igualdad tan solo le costaba a este Tribunal certificar y traducir tres (3) resoluciones y una Sentencia, para que un litigante *in forma pauperis* pudiera ejercer su derecho a solicitar que el Tribunal Supremo de los Estados Unidos de América nos revisara. A fin de cuentas, lo poco que éste le solicitaba a este Tribunal era que reconociera que "there can be no equal justice where the kind of trial a man gets depends on the amount of money he has."[1]

---

[1] Griffin v. Illinois, 351 US 12, 19 (1956); véanse, además, Bounds v. Smith, 430 US 817 (1977); los Artículos 1, 2, 6, 7, 8 y 10 de la Declaración Universal de los Derechos Humanos, A.G. Res. 217 (III) A, N.U. Doc. A/RES/217 (III) (10 de diciembre de 1948) que enmarcan el reconocimiento del acceso a la justicia como un derecho fundamental independiente. Para una discusión del derecho de acceso a la justicia como un derecho humano fundamental, véase también, L. Estrella Martínez, *El derecho internacional como pilar del acceso a la justicia*, Revista Digital AdRem de la Asociación Nacional de Estudiantes de Derecho (Octubre 2015), disponible en: http://aned-pr.org/adrem/el-derecho-internacional-como-pilar-del-acceso-a-la-justicia/.

En el caso ante nos, el Sr. Guillermo García Colón (señor García Colón o peticionario) presentó por derecho propio una petición de *certiorari* en la que cuestionó su despido de la Oficina del Procurador de las Personas con Impedimentos e invocó, entre otros derechos, la protección constitucional que le garantiza un debido proceso de ley.

Mediante la Resolución emitida el 22 de enero de 2016, la Sala de Despacho III de este Tribunal declaró No Ha Lugar la petición instada. Posteriormente, el señor García Colón presentó, sin éxito, su *Primera Solicitud de Reconsideración* y la *Segunda Solicitud de Reconsideración,* configurándose una denegatoria final del recurso discrecional presentado por éste.

Así las cosas, recurrió ante nos para solicitar que, por su estado de indigencia, se le provean las certificaciones y traducciones necesarias para comparecer ante el Tribunal Supremo de los Estados Unidos de América, amparado en la Regla 47 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, R. 47. Sin embargo, este Tribunal declaró no ha lugar la solicitud del peticionario. Discrepo de tal proceder.

I

Como es sabido, para cubrir los gastos asociados a los trámites judiciales se requiere el pago de los aranceles correspondientes. Conforme a ello, de ordinario, toda persona que presente un reclamo judicial o petición de algún tipo debe pagar los aranceles correspondientes y adherir los sellos correspondientes a su recurso. Gran Vista I v. Gutiérrez y otros, 170 DPR 174, 188 (2007).

Ahora bien, existen circunstancias en las cuales la persona que interesa acudir ante los tribunales está impedida de sufragar los costos asociados con el litigio por razón de insolvencia económica. En aras de evitar que la situación de indigencia sea un obstáculo para que una persona litigue y reivindique sus derechos, nuestro ordenamiento permite la llamada litigación *in forma pauperis*. En síntesis, ello tiene la finalidad de abrirles las puertas de los tribunales a **todos** los ciudadanos, no empece la incapacidad económica de algunos para sufragar los costos asociados a un litigio. Íd., pág. 191. De esta forma, el litigante que obtiene un permiso para tramitar su caso *in forma pauperis*, está exento de pagar los aranceles o derechos de presentación requeridos por ley. Íd.

Con relación a lo anterior, este Tribunal ha afirmado que para litigar *in forma pauperis*, tanto en causas de naturaleza criminal como civil, el solicitante no viene obligado a demostrar que es absolutamente insolvente, desamparado, y sin medios de vida. Íd. Más bien, lo que se le requiere es probar que por motivo de pobreza no puede pagar los derechos. Íd.; Camacho v. Corte, 67 DPR 802, 804 (1947). Todo lo anterior pone de manifiesto que las

personas indigentes tienen la oportunidad de recibir el acceso necesario a los foros judiciales para exponer sus reclamos o reivindicar sus derechos. En ese sentido, la insolvencia económica no debe representar una traba para la consecución de tal fin.

## II

Independientemente del criterio que tengamos los jueces de los tribunales recurridos en torno a los méritos o no de un caso, las partes poseen el derecho de tocar las puertas al Tribunal Supremo de los Estados Unidos de América para intentar revisar nuestros dictámenes finales.

Específicamente, el recurso de *certiorari* ante el Tribunal Supremo de los Estados Unidos de América contempla la revisión de la siguiente manera:

> **Final judgments or decrees rendered by the highest court of a State in which a decision could be had**, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.  28 USCA sec. 1257. (Énfasis suplido).

Asimismo, la Regla 13(1) del Reglamento del Tribunal Supremo de los Estados Unidos de América dispone el término para acudir ante ese Foro y contempla que cuando "a writ of certiorari seeking review of a judgment of a lower state court that is subject to **discretionary review by the state court of last resort is timely when is filed** with the Clerk within 90 days **after entry of the order denying discretionary review**". U.S. Sup. Ct. Rule 13 (1), 28 USCA. (Énfasis suplido). Por consiguiente, no existe duda de que

la denegatoria de atender el asunto discrecional puede ser revisada por el Tribunal Supremo de los Estados Unidos de América.

Así pues, el procedimiento para que un litigante acuda ante ese Foro *in forma pauperis* está regido por la Regla 39 del Reglamento del Tribunal Supremo de Estados Unidos de América. U.S. Sup. Ct. Rule 39, 28 USCA. A su vez, las Reglas 12.2 y 14(1)(i) facilitan al litigante *in forma pauperis*, que no sea confinado, la presentación del recurso de *certiorari*, al requerirle meramente acompañar el original y 10 copias de: (1) la petición para litigar como tal y (2) la petición de *certiorari* y presentar como parte de su apéndice únicamente las opiniones, órdenes, conclusiones y el decreto a revisarse.

Por su parte, el *Guide for prospective indigent petitioners for writs of certiorari* orienta que este tipo de litigante solo presentará el original y 10 copias solicitando litigar *in forma pauperis* y un original y 10 copias de la petición de certiorari **"with an appendix consisting of a copy of the judgement of decree"** del cual se solicita revisión. Estas guías precisan que: **"if the highest state court denied discretionary review**, and the state court of appeals affirmed the decision of the trial court, the state court of appeals should be listed". (Énfasis suplido). Véanse, Rules 12.2 y 14(1)(i), 28 USCA; *Guide for prospective indigent petitioners for writs of certiorari,* disponible en http://www.supremecourt.gov/casehand/guideforIFPcases2015.pdf. De esta forma, se propicia un trámite menos oneroso para que el Tribunal Supremo de los Estados Unidos de América pueda considerar si procede a expedir o no el recurso presentado por un litigante indigente.

De las disposiciones anteriores, surge con claridad que la jurisdicción del Tribunal Supremo de los Estados Unidos de América no está limitada a los casos en los que este Tribunal dicte sentencia. También, pueden revisarse aquellos casos en los que se deniegue atender un asunto, siempre y cuando se cumpla con los criterios para expedir el auto. En esos casos, el litigante *in forma pauperis* deberá acompañar una copia de la resolución denegatoria de este Tribunal y del dictamen emitido por el Tribunal de Apelaciones que subsistió como consecuencia de nuestra discreción para no atender el asunto presentado.

Ante ese cuadro, procede cuestionarse lo siguiente: ¿debe el Reglamento del Tribunal Supremo de Puerto Rico considerar las normas expuestas, en aras de no ignorar el procedimiento dispuesto por el Tribunal Supremo de los Estados Unidos de América referente a los litigantes *in forma pauperis*? En caso de que exista una laguna que no cubra los dictámenes finales de denegatorias, ¿cómo procedería atender la solicitud del peticionario? Veamos.

III

La Regla 47 del Reglamento del Tribunal Supremo de Puerto Rico, *supra*, establece el procedimiento para solicitar traducciones *in forma pauperis* para aquellos litigantes que su estado económico podría afectar ese curso de acción. En lo pertinente, dispone como sigue:

> (a) A solicitud de cualquier litigante que sea indigente o de su abogado o abogada, y para la revisión por el Tribunal Supremo de Estados Unidos de América de una sentencia dictada por el Tribunal Supremo de Puerto rico en un caso civil o criminal, este Tribunal, por conducto de su Secretario o Secretaria, expedirá, libres de costo algunas, unas copias certificadas traducidas al inglés de las partes del expediente que hayan sido designadas por la parte apelante conforme al Reglamento del Tribunal Supremo de los Estados Unidos de América, así como

cualquier contradesignación que haga la parte apelada conforme a dicho Reglamento. También expedirá, en todo caso, copia certificada de la opinión y sentencia de este Tribunal y del escrito de apelación presentado. Cuando se trate de un recurso de *certiorari* presentado al Tribunal Supremo de Estados Unidos de América, se expedirá copia certificada del expediente del caso traducido al inglés. Íd.

De esta forma, la citada Regla no establece consideración alguna con relación a si el recurso que se pretende presentar carece de todo mérito y la probabilidad de que el Tribunal Supremo de los Estados Unidos de América acceda a expedir o no cualquier recurso presentado por el peticionario.

Empero, la citada disposición contiene un lenguaje en el cual se limita a hacer referencia a la expedición de la traducción de aquellos recursos en los que se solicita revisión de una "sentencia" emitida por este Tribunal, y nada contempla en aquellos casos en que, en el ejercicio de nuestra discreción, se deniegue la expedición de un recurso de *certiorari.* Ante ello, y conforme a la Regla 50 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, R. 50, este Tribunal posee la facultad para, en situaciones no previstas por el reglamento, "encauzar el trámite en la forma que a su juicio sirva los mejores intereses de todas las partes". Íd.

En consecuencia, la interpretación armoniosa de la totalidad del Reglamento del Tribunal Supremo de Puerto Rico, en la solicitud que nos ocupa, debiera ser el reconocimiento de que "sentencia" no puede excluir "Opiniones" ni "dictámenes finales" que emitamos, como ciertamente son las denegatorias de recursos discrecionales. De este modo, realizaríamos también una

interpretación que se ajuste al estado de derecho vigente en nuestra relación colonial.

Además, la propia Regla 47, *supra*, en reconocimiento de la jurisdicción del Tribunal Supremo de los Estados Unidos de América, nos remite a los procesos ante ese Foro, el cual como ya explicamos contiene unas garantías expresas para los litigantes *in forma pauperis*.

Ante ese cuadro, una lectura formalista y autómata de la Regla 47 nos conduce a un choque innecesario con el Tribunal Supremo Federal y tiene el efecto real de limitar que una parte pueda ejercer su derecho a solicitar revisión ante ese Foro. Por el contrario, bastaba con suplirle al ciudadano una traducción al inglés de la Resolución denegando la expedición del recurso de *certiorari*, las resoluciones atendiendo las reconsideraciones presentadas ante este Tribunal y del dictamen emitido por el Tribunal de Apelaciones.

De esta forma, no le privamos al litigante indigente de ejercer su derecho a instar un recurso ante el Tribunal Supremo de Estados Unidos de América ni pasamos juicio en torno a los méritos que éste pueda o no tener para que se expida su petición ante ese Foro, en esta etapa apelativa de los procedimientos.

IV

En consecuencia, hubiese ordenado la certificación y traducción al inglés, libre de costo, de la Resolución denegatoria de este Tribunal emitida el 22 de enero de 2016, la Resolución declarando no ha lugar la *Primera Solicitud de Reconsideración* emitida el 4 de marzo de 2016, la Resolución declarando no ha lugar la *Segunda Solicitud de Reconsideración* emitida el 15 de

abril de 2016 y la Sentencia emitida por el Tribunal de Apelaciones el 30 de septiembre de 2015. Ante un curso de acción contrario de este Tribunal, respetuosamente disiento.


                         Luis F. Estrella Martínez
                              Juez Asociado