Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| ELIEZER SANTANA BÁEZ; HÉCTOR ROMÁN ORTIZ <br><br> Apelantes <br><br> V. <br><br> DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN; ANA ESCOBAR PABÓN; DEPARTAMENTO DE JUSTICIA, HON. DOMINGO EMANUELLI HERNÁNDEZ <br><br> Apelados | KLAN202400995 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón <br><br> Caso Núm.: BY2024CV05320 <br><br> Sobre: Daños y perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, Juez Marrero Guerrero y Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de enero de 2025.

Comparecen por derecho propio el señor Eliezer Santana Báez (señor Santana Báez) y el señor Héctor Román Ortiz (señor Román Ortiz) (en conjunto, apelantes), en solicitud de que revisemos una *Sentencia* emitida el 10 de octubre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el referido dictamen, el TPI desestimó sin perjuicio la *Demanda* instada contra el Departamento de Corrección y Rehabilitación (DCR), la Hon. Ana Escobar Pabón, el Departamento de Justicia de Puerto Rico y el Hon. Domingo Emanuelli Hernández (en conjunto, apelados) por no evidenciarse el agotamiento de los remedios administrativos.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

**I.**

La controversia ante nuestra consideración tuvo su génesis el 9 de septiembre de 2024, cuando los señores Santana Báez y Román

Ortiz presentaron una *Demanda* contra los apelados.[1] En esta, alegaron que el DCR les suspendió los privilegios de una nevera, sus artículos comestibles, un horno microondas y dos (2) televisores que donaron los familiares de los miembros de la población correccional. Además, arguyeron que los guardias correccionales devolvieron los electrodomésticos sin los alimentos. Asimismo, adujeron que dicha sanción se adoptó sin otorgarles un debido proceso de ley, ya que no se les imputó una infracción; no se aplicó el *Reglamento para establecer el procedimiento disciplinario de la población correccional*, Reglamento Núm. 9221, Departamento de Estado, 8 de octubre de 2020; no se realizó un proceso administrativo, ni se emitió una notificación. Los apelantes sostuvieron que este acto violentó sus derechos constitucionales y les causó sufrimientos y angustias mentales, más limitó la confianza que tenían en las autoridades llamadas a la rehabilitación. Por ello, solicitaron una indemnización de $75,000.00.

El 10 de septiembre de 2024, el TPI emitió una *Orden* en la que le concedió a los apelantes un término de diez (10) días para mostrar causa por la cual no se debía desestimar el caso sin perjuicio ante la falta de cumplimiento con el agotamiento de los remedios administrativos.[2]

Posteriormente, el 11 de octubre de 2024, el TPI emitió una *Sentencia* en la que desestimó la *Demanda* presentada por los apelantes, sin perjuicio. El Foro Primario fundamentó su determinación en que los apelantes no evidenciaron cumplimiento con el requisito jurisdiccional de agotar los remedios administrativos ni con la *Orden* de mostrar causa del 10 septiembre de 2024.[3] Por ello, el Foro *a quo* consignó que, una vez culminara el procedimiento

---

[1] Entrada Núm. 1 del expediente del caso by2024cv05320 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[2] *Íd.*, Entrada Núm. 4. Archivada y notificada el 11 de septiembre de 2024.

[3] *Íd.*, Entrada Núm. 5. Archivada y notificada el 11 de octubre de 2024.

administrativo, los apelantes podían presentar una causa de acción por daños y perjuicios, de entenderlo procedente.

El 18 de octubre de 2024, los apelantes presentaron una *Moción en cumplimiento de orden*.[4] En esta, puntualizaron que no se requería agotar los remedios administrativos, toda vez que la controversia planteada ante el TPI no ameritaba el peritaje o el conocimiento especializado de la agencia. Pues, subrayaron que su reclamación de resarcimiento de los daños sufridos por el castigo cruel al amparo del Artículo 1536 del Código Civil de 2020, 31 LPRA sec. 10801, no estaba reservada exclusivamente al DCR, a tenor con el *Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional*, Reglamento Núm. 8583, Departamento de Estado, 4 de mayo de 2015. A su vez, indicaron que el remedio administrativo era inadecuado por violarse sustancialmente sus derechos.

Eventualmente, el 25 de octubre de 2024, el TPI emitió una *Resolución interlocutoria*, en la que resolvió que se sostenía en su *Sentencia* del 10 de octubre de 2024.[5]

Inconformes con la determinación del Foro Primario, el 4 de noviembre de 2024, los señores Santana Báez y Román Ortiz presentaron un recurso de apelación ante este Tribunal, en el que formularon el siguiente señalamiento de error:

> ERRÓ EL TPI DE BAYAMÓN AL DESESTIMAR LA CAUSA DE ACCIÓN CIVIL DE AUTOS POR LA FALTA DE AGOTAR REMEDIOS ADMINISTRATIVOS, CUANDO NUESTRO ORDENAMIENTO PERMITE PRETERIR EL CAUCE ADMINISTRATIVO CUANDO SE ALEGA VIOLACIÓN SUSTANCIAL DE DERECHOS CIVILES.

En esencia, los apelantes plantearon que por virtud del Reglamento Núm. 8583, *supra*, el DCR no poseía exclusividad para resolver las reclamaciones de la población penal. Por otro lado, manifestaron que no se requería agotar los remedios administrativos,

---

[4] *Íd.*, Entrada Núm. 6.
[5] *Íd.*, Entrada Núm. 7. Archivada y notificada el 28 de octubre de 2024.

en vista de que el DCR no proveía un remedio para su causa de acción de resarcimiento por daños y perjuicios. Asimismo, concretaron que el foro judicial no tenía que privarse de jurisdicción, puesto que una acción en daños y perjuicios no requería de la pericia de una agencia. Por lo anterior, los apelantes solicitaron la revocación de la determinación apelada y la continuación de los procedimientos en el Foro Primario.

El 4 de diciembre de 2024, el DCR, representado por la Oficina del Procurador General, presentó una *Solicitud de desestimación*. En esta, señaló que procedía la desestimación del presente recurso de apelación, ya que los apelantes no notificaron sobre su presentación a la Oficina del Procurador General ni al Foro Primario. Además, planteó que los apelantes no hicieron constar la cancelación de los derechos aplicables a la presentación de este recurso. El DCR esbozó que este Tribunal no autorizó a los apelantes a litigar *in forma pauperis*. Por otro lado, el DCR esgrimió que el TPI nunca adquirió jurisdicción, ya que del expediente electrónico del caso en SUMAC no surgió que los apelados fueron emplazados, razón por la cual desconocían de la causa de acción hasta recibir una *Resolución* que este Tribunal emitió el 13 de noviembre de 2024.

El 17 de diciembre de 2024, los apelantes presentaron una *Moción acreditando haber sido eximidos del arancel en Instancia y en solicitud de que se nos envíen los formularios ante este foro para ser eximidos igual y réplica a la ponencia de los apelados*. En primer lugar, adujeron que la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13, disponía que la notificación de los escritos apelativos se podía realizar por correo ordinario dentro de los treinta (30) días para la presentación de la apelación. En tal virtud, expresaron que este recurso se presentó el 4 de noviembre de 2024, fecha en que entendieron que este Tribunal les notificó a los apelados, quienes comparecieron el 4 de diciembre de 2024. Por ello,

los apelantes concibieron que cumplieron con el requisito de notificación. En segundo lugar, los apelantes expusieron que acompañaron la copia de la autorización del TPI para eximirlos del pago de arancel por razón de indigencia. En la alternativa, nos peticionaron que le enviemos el formulario para eximir el pago de aranceles, toda vez que la institución correccional en la que están ubicados carecía de copias del referido documento. Sobre el particular, enfatizaron lo siguiente expuesto en el voto particular de conformidad del Juez Estrella Martínez en el caso *Santana Báez v. Depto. Corrección*, 202 DPR 233 (2019):

> La firme jurisprudencia que ha reconocido los contornos de la litigación *in forma pauperis* no exige que el Tribunal de Apelaciones resuelva expresamente la petición de una persona para litigar como indigente. Resolver lo contrario laceraría el acceso de las personas indigentes a los foros judiciales, pues añadiría un requisito formal y jurisdiccional a la litigación *in forma pauperis* que constituye una bifurcación innecesaria que no promueve la economía procesal. Como agravante, en este caso, tal actuación redundaría en el absurdo de invalidar una sentencia que prioriza el interés y la protección de la vida de seres humanos. Por tales razones, estoy conforme con denegar la pretensión del Estado.

Asimismo, los apelantes destacaron que el Tribunal Supremo de Puerto Rico dispuso en *Santana Báez v. DCR, supra,* que un recurso apelativo no se invalida meramente por incumplir con la solicitud para eximir el pago de arancel por razón de indigencia.

En atención a los señalamientos de errores esbozados por los apelantes, procedemos a exponer la normativa jurídica aplicable a este recurso.

## II.

### A. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *Muñoz Barrientos v. ELA et al.,* 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland,* 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385-386 (2020); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89,

101 (2020); *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014). A saber, ante la falta de jurisdicción, un tribunal carece de facultad para adjudicar la controversia. *Allied Mgmt. Group v. Oriental Bank*, *supra*, pág. 386. Dado que un foro judicial no puede asumir discrecionalmente jurisdicción donde no la hay, el primer factor que debe considerar al evaluar una situación jurídica es el aspecto jurisdiccional. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Pues, los foros judiciales están llamados a ser celosos guardianes de su jurisdicción, por lo que los asuntos jurisdiccionales son privilegiados y se atienden con prioridad. *Íd.*; *Mun. de San Sebastián v. QMC Telecom, supra*. De lo contrario, la falta de jurisdicción conlleva como consecuencia:

> que no sea susceptible de ser subsanada; las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; conlleva la nulidad de los dictámenes emitidos; impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso, y puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Torres Alvarado v. Madera Atiles, supra.*

Por ello, cuando un tribunal carece de jurisdicción para intervenir en un asunto, procede desestimar inmediatamente el recurso apelativo, sin entrar en los méritos de la controversia. *Íd.*, pág. 501; *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). En tal virtud, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, dispone que el Tribunal, a iniciativa propia o a petición de parte, podrá desestimar un recurso de apelación por carecer de jurisdicción.

### B. Emplazamiento

El emplazamiento es un mecanismo procesal cuyo propósito es notificar a la parte demandada sobre la existencia de una reclamación en su contra para que formule sus alegaciones y quede obligado por el dictamen que finalmente emita el tribunal. *Ross Valedón v. Hosp. Dr. Susoni et al.*, 2024 TSPR 10; *Pérez Quiles v.*

*Santiago Cintrón*, 206 DPR 379 (2021); *Banco Popular v. SLG Negrón*, 164 DPR 855, 863 (2005); *Rivera v. Jaume*, 157 DPR 562 (2002). En tal sentido, el emplazamiento es una exigencia del debido proceso de ley. *Banco Popular v. SLG Negrón, supra*; *First Bank of PR v. Inmob. Nac., Inc.*, 144 DPR 901 (1998). Por virtud del emplazamiento el tribunal adquiere jurisdicción sobre la persona demandada. *Pérez Quiles v. Santiago Cintrón, supra*. Véase también R. Hernández Colón, <u>*Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*</u>, 6ta ed., Puerto Rico, Lexis Nexis, pág. 256. La Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (c), dispone lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio.** Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Énfasis nuestro).

Es decir, si la persona demandante no diligenció el emplazamiento dentro del término improrrogable de ciento veinte (120) días, automáticamente se desestimará su causa de acción. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018).

### C. Notificación de un recurso apelativo

Las normas sobre el perfeccionamiento de un recurso apelativo deben observarse rigurosamente, sin que su cumplimiento quede al arbitrio de las partes. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013). Para que se perfeccione un recurso presentado ante el Tribunal de Apelaciones, es necesario que el escrito se notifique a las otras partes. *Íd.*; *González Pagán et al. v. SLG Moret-Brunet*, 202 DPR 1062, 1070-1071 (2019). Este requisito de notificación no constituye una mera formalidad procesal que se pueda interpretar

flexiblemente, puesto que es parte integral de la garantía constitucional del debido proceso de ley de las otras partes. *Metro Senior v. AFV*, 209 DPR 203, 210 (2022); *Montañez Leduc v. Robinson Santana*, 198 DPR 543 (2017). Pues, mediante la notificación de la presentación de un recurso, se coloca a la parte contraria en conocimiento del mismo. *Íd.* En lo que nos concierne, la Regla 13 (B)(1) del Reglamento del Tribunal de Apelaciones, *supra*, R. 13 (B)(1), dispone que "[l]a parte apelante notificará el recurso apelativo y los apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento". Ciertamente, dado que el término para notificar es de estricto cumplimiento, su incumplimiento no implica que el recurso se desestime automáticamente. *Montañez Leduc v. Robinson Santana*, *supra*. No obstante, el Tribunal de Apelaciones carece de discreción para prorrogar automáticamente un término, excepto que se haya demostrado justa causa y las bases razonables para su dilación. *Íd.*; *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Sin embargo, "[l]a acreditación de justa causa se hace con explicaciones concretas y particulares-debidamente evidenciadas en el escrito-que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa". *Soto Pino v. Uno Radio Group*, 189 DPR 84, 93 (2013); *Febles v. Romar*, 159 DPR 714, 720 (2003). Por otro lado, el hecho de que una parte haya comparecido por derecho propio, por sí solo, no justifica el incumplimiento con las normas procesales. *Febles v. Romar*, *supra*, pág. 722.

De esta forma, si la parte apelante no notifica a todas las partes sobre la presentación del recurso ante el foro apelativo intermedio sin demostrar justa causa para su incumplimiento, priva al tribunal de ejercer su función revisora. *Montañez Leduc v. Robinson Santana*,

*supra*; *González Pagán et al. v. SLG Moret-Brunet, supra*, pág. 1071. Consecuentemente, "**[l]a falta de oportuna notificación <u>a todas las partes en el litigio</u> conlleva la desestimación del recurso de apelación**". *González Pagán et al. v. SLG Moret-Brunet, supra*. (Énfasis suplido).

### D. Litigación *in forma pauperis*

El pago de los aranceles de presentación es un requisito adicional para perfeccionar un recurso ante un tribunal. *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159 (2012). A saber, toda persona que presente un recurso apelativo ante el Tribunal de Apelaciones está obligada a pagar los derechos de presentación. Véase Sección 1 de la *Ley de Aranceles de Puerto Rico*, Ley Núm. 17 del 11 de marzo de 1915, según enmendada, 32 LPRA sec. 1476; *Ley para establecer como política pública la adopción de medios electrónicos para el pago de derechos y cargos en el Tribunal General de Justicia*, Ley Núm. 47-2009, según enmendada, 34 LPRA sec. 750 nota. El incumplimiento con el pago de los derechos arancelarios conlleva la nulidad del escrito, priva al Tribunal de Apelaciones de jurisdicción y las partes quedan desprovistas de un remedio. *M-Care Compounding et al. v. Depto. Salud, supra*; *Vázquez v. Rivera*, 69 DPR 947 (1949). Empero, de no mediar fraude o colusión, el impago de los derechos arancelarios conlleva la anulabilidad del escrito. *M-Care Compounding et al. v. Depto. Salud, supra*.

Ahora bien, no todas las personas que interesan acudir a los tribunales poseen solvencia económica para sufragar los costos asociados a un litigio. *García Colón v. OPPI*, 195 DPR 615, 617-618 (2016) (Juez Estrella Martínez, Opinión particular disidente). Por ello, "[e]n aras de evitar que la situación de indigencia sea un obstáculo para que una persona litigue y reivindique sus derechos, nuestro ordenamiento permite la llamada litigación *in forma pauperis*". *Íd.*, pág. 618. De esta forma, la persona que obtenga el permiso para

tramitar su caso de *in forma pauperis*, está exenta de pagar los aranceles o derechos de presentación requeridos en nuestro ordenamiento jurídico. *Íd.* Su finalidad versa en abrir las puertas de los tribunales a todos los ciudadanos, independientemente de su incapacidad económica para sufragar los costos relacionados al litigio. *Íd.* Así pues, la Regla 78 del Reglamento del Tribunal de Apelaciones, *supra*, R. 78, dispone un procedimiento para que una persona indigente pueda ser eximida del pago de aranceles. Véase también *M-Care Compounding et al. v. Depto. Salud*, *supra*; *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174, 194 (2007). A saber, la referida regla establece lo siguiente:

> Cualquier parte en el procedimiento que por primera vez solicite litigar *in forma pauperis*, presentará ante el Tribunal de Apelaciones una declaración jurada, en la cual expondrá los hechos que demuestren su incapacidad para pagar los derechos y las costas o para prestar garantía por éstos, su convencimiento de que tiene derecho a un remedio y una exposición de los asuntos que se propone plantear en el recurso.
>
> Si la solicitud se concede, la parte podrá litigar sin el pago de derecho y costas, o sin la prestación de fianza para ello. [...]

Sin embargo, la ausencia de una petición para litigar en *forma pauperis* sin que se haya incluido los correspondientes derechos arancelarios acarrea la desestimación del recurso de apelación. *Gran Vista I v. Gutiérrez y otros*, *supra*.

### E. Agotamiento de remedios administrativos

Por último, las determinaciones administrativas están sujetas al proceso de revisión por parte del Tribunal de Apelaciones. Art. 4.006 de la *Ley de la Judicatura de Puerto Rico*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y. No obstante, el ámbito de revisión judicial de las determinaciones administrativas posee limitaciones de naturaleza prudencial y estatutaria. *AAA v. UIA*, 200 DPR 903, 911 (2018). A saber, el referido Artículo 4.006 de la Ley de la Judicatura, supra, sec. 24y, dispone que esta Curia apelativa podrá revisar decisiones, órdenes y resoluciones finales de los

organismos administrativos. Además, la Sección 4.2 de la *Ley de procedimiento administrativo uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9672 (LPAUG), dispone que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

Por tanto, la revisión judicial de las determinaciones administrativas debe cumplir con dos requisitos: que sean decisiones, órdenes o resoluciones finales y que se hayan agotado todos los remedios administrativos. *AAA v. UIA, supra*, pág. 912; *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2014). La doctrina de agotamiento de remedios administrativos es una norma de autolimitación judicial cuyo propósito es evitar una intervención judicial a destiempo que interfiera con el cauce de un procedimiento administrativo. *Moreno Ferrer v. JRCM*, 209 DPR 430 (2022). Al amparo de la doctrina de remedios administrativos, una parte no tendrá a su disposición la revisión judicial hasta que haya utilizado todos los procedimientos ofrecidos en la esfera administrativa. *AAA v. UIA, supra*, pág. 913.

De esta forma, se permite que la agencia desarrolle un historial completo del asunto ante su consideración, se asegura que la agencia adopte las medidas correspondientes con la política pública y se evita disloque causados por intervenciones inoportunas de los tribunales en las etapas interlocutorias. *Íd.*, pág. 914; *Procuradora Paciente v. MCS*, 163 DPR 21, 35 (2004); *Guadalupe v. Saldaña, Pres. UPR*, 133 DPR 42, 49 (1993). Asimismo, la agencia puede culminar todos los trámites administrativos y adjudicar todas las controversias

pendientes ante sí de forma tal que se refleje la posición final de la agencia. *Procuradora Paciente v. MCS, supra*; *J. Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483, 490 (1997). Ahora bien, el foro judicial puede preterir la aplicación de la doctrina de agotamiento de remedios. En tal sentido, la Sección 4.3 de LPAUG, *supra*, sec. 9673, dispone que:

> El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa.

Sobre el particular, la parte que pretende acudir al foro judicial debe demostrar hechos específicos y bien definidos por los cuales se debe preterir el cauce administrativo. *Procuradora Paciente v. MCS, supra*, pág. 36.

### F. Facultades de las agencias administrativas

La Asamblea Legislativa le ha delegado a las agencias administrativas los poderes de reglamentar, ejercer funciones cuasi-legislativas y de adjudicar controversias a través de sus respectivas leyes orgánicas y especiales. *Muñoz Barrientos v. ELA et al., supra*, pág. 724; *FCPR v. ELA et al.*, 211 DPR 521, 535 (2023); *JP v. Frente Unido I*, 165 DPR 445, 469 (2005). Asimismo, a los foros administrativos se les ha delegado facultades remediales propias de los tribunales. *Muñoz Barrientos v. ELA et al., supra*. Así pues, los tribunales han validado la delegación a las agencias administrativas para otorgar una compensación por daños y perjuicios cuando la ley habilitadora expresamente concede dicha facultad y cuando dicho poder se encuentra implícito en la amplia facultad para conceder un remedio que adelante los intereses de la ley orgánica y la política pública que inspiró la agencia. *Íd.*, págs. 724-725. En tal sentido, no

todos los foros administrativos están autorizados para otorgar compensación en daños y perjuicios. *Íd.*, pág. 725. Por ello, cuando una agencia administrativa carece de la facultad para indemnizar en daños y perjuicios, la parte perjudicada puede acudir directamente a los tribunales mediante una acción civil extracontractual. *Íd.* Esto, sin que sea necesario agotar ciertos remedios administrativos que no proveen lo que realmente la parte pretende obtener ante un foro judicial. *Íd.*; *Guzmán y otros v. ELA*, 715 156 DPR 693 (2002).

Ahora bien, "la presentación de una reclamación en daños en los tribunales no puede ser utilizada como un subterfugio para burlar la obligación de agotar los remedios administrativos o para restarle finalidad a una determinación administrativa cuando, inmersa en la reclamación judicial, subyacen controversias que requiere ser adjudicadas inicialmente por el foro administrativo". *Muñoz Barrientos v. ELA et al., supra*; *Acevedo v. Mun. de Aguadilla*, 153 DPR 788, 806 (2001); *Igartúa de la Rosa v. Adm. Del Derecho al Trabajo,* 147 DPR 318, 333 (1998). Pues, el proceso administrativo no se margina automáticamente por invocar lesiones a derechos constitucionales, excepto que el agravio sea tan grave y de patente intensidad que justifique eludir el cauce administrativo. *Acevedo v. Mun. de Aguadilla, supra*, pág. 807. Es decir, "la impugnación constitucional de actuaciones administrativas está sujeta al agotamiento de los remedios administrativos". *Íd.*; *Guadalupe Saldaña v. Pres. UPR*, 133 DPR 42 (1993).

En lo que nos atañe, por virtud del *Reglamento para atender las solicitudes de remedios administrativos radicadas por los miembros de la población correccional*, Reglamento Núm. 8583, 4 de mayo de 2015, Departamento de Estado, todo miembro de la población correccional que sufra un agravio, debe iniciar un procedimiento administrativo ante la División de Remedios Administrativos. *Muñoz Barrientos v. ELA et al., supra*. La referida

División de Remedios Administrativos tiene jurisdicción para atender toda solicitud de remedio relacionada con lo siguiente:

> a. Actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad personal o en su plan institucional.
>
> b. Cualquier incidente o reclamación comprendida bajo las disposiciones de este Reglamento.
>
> **c. Cuando el superintendente impone la suspensión de privilegios sin celebración de vista alguna, conforme a la reglamentación vigente sobre la "Suspensión de Privilegios por Razones de Seguridad".**
>
> d. Alegaciones de violencia sexual por parte de un miembro de la población correccional conforme "Prison Rape Elimination Act" (PREA) (115.51a, d, 115.52-b1, b2, b3).
>
> […] Regla VI del Reglamento Núm. 8583, *supra*, R. VI. (Énfasis nuestro).

De lo anterior se desprende que el DCR carece de facultad para atender y conceder indemnización por los daños y perjuicios reclamados por los miembros de la población correccional. *Muñoz Barrientos v. ELA et al.*, *supra*, pág. 730.

### III.

En el presente caso, los señores Santana Báez y Román Ortiz presentaron un recurso de apelación que adolecía de defectos que privaron a este Tribunal de jurisdicción, por lo que corresponde desestimarlo. A saber, para que este recurso apelativo quedara perfeccionado, los apelantes tenían que cumplir con el requisito de notificar a los apelados, de conformidad con la Regla 13 (B)(1) del Reglamento del Tribunal de Apelaciones, *supra*, R. 13 (B)(1). A pesar de que el requisito de notificación es de estricto cumplimiento, los apelantes debían demostrar justa causa para su omisión. Véase *SLG Szendrey-Ramos v. F. Castillo, supra*; *Soto Pino v. Uno Radio Group, supra*; *Febles v. Romar, supra*. De una lectura sosegada del expediente ante nuestra consideración, no surgió que los apelantes notificaron sobre presentación de este recurso a los apelados. Contrario a lo aducido por los señores Santana Báez y Román Ortiz, el hecho de que los apelados se enteraron sobre este recurso por

virtud una *Resolución* de este Tribunal, no implicó que cumplieron con la Regla 13 del Reglamento del Tribunal de Apelaciones, *supra*, R. 13. Pues, el dictamen de esta Curia apelativa no constituyó la notificación sobre la presentación del recurso que los apelantes estaban llamados a realizar. Cabe aclarar que una interpretación errónea de las normas reglamentarias no motivó una justa causa para omitir su cumplimiento ni podía soslayar el debido proceso de ley que le asistía a los apelados mediante la notificación de la presentación de un recurso. Asimismo, el mero hecho de que los apelantes comparecieron por derecho propio no los eximió de cumplir con las normas procesales. Véase *Febles v. Romar, supra*. Por ello, ante la ausencia de notificación a los apelados sobre la presentación de este recurso y de demostración de justa causa para su incumplimiento, este tribunal estaba privado de ejercer su función revisora.

Por otro lado, otro requisito para el perfeccionamiento de este recurso era el pago de aranceles de presentación. Sin embargo, en aras de garantizar el acceso a la justicia, la Regla 78 del Reglamento del Tribunal de Apelaciones, *supra*, R. 78, dispone que una persona indigente puede solicitar ser eximida del pago de aranceles. En el caso que nos ocupa, mediante comparecencia de 26 de diciembre de 2024 los apelantes no solicitaron ser eximidos del pago de aranceles por estado de indigencia ante este Tribunal. Previamente, sometieron el formulario que presentaron a dichos fines en el TPI. Considerado lo anterior, determinamos autorizar la comparecencia *in forma pauperis* de los apelantes.

Pese a lo anterior, tanto el Foro Primario como este Tribunal carecemos de jurisdicción para atender el caso de autos por la ausencia de agotamiento de los remedios administrativos. Como reseñamos anteriormente, el Tribunal Supremo de Puerto Rico resolvió en *Muñoz Barrientos v. ELA et al., supra*, que el DCR no está

facultado para conceder indemnización por los daños y perjuicios sufridos por los miembros de la población correccional, por lo que se permitía preterir el cauce administrativo. El Máximo Foro Judicial determinó que el DCR no proveía un remedio para la acción en daños y perjuicios que el señor Muñoz Barrientos instó ante el Foro Primario por los daños sufridos a consecuencia de una agresión cometida por varios oficiales correccionales. Sin embargo, los hechos del caso de epígrafe son distintos. Pues, los señores Santana Báez y Román Ortiz alegaron que el DCR violentó sus derechos constitucionales y les causó daños al suspender varios privilegios. Dicha sanción debió ser atendida en primer plano por la División de Remedios Administrativos mediante una solicitud de remedio. Por virtud de la Regla VI del Reglamento Núm. 8583, *supra*, R. VI, expresamente se provee un mecanismo de remedios para atender toda situación relacionada a la suspensión de privilegios sin la celebración de una vista, tal como se alega que ocurrió en este caso. Es decir, contrario a la alegación en daños a consecuencia de una agresión, nuestro ordenamiento jurídico estableció un procedimiento administrativo ante la División de Remedios Administrativos para atender los daños sufridos por los apelantes a consecuencia de la suspensión de privilegios. Así las cosas, los señores Santana Báez y Román Ortiz estaban llamados a agotar los remedios administrativos previo a recurrir la determinación final administrativa mediante un recurso de revisión judicial ante este Tribunal de Apelaciones. La presentación de una acción en daños por sí sola no puede ser óbice para prescindir un remedio administrativo que en nuestro ordenamiento jurídico se dispuso precisamente para atender las reclamaciones relacionadas a la suspensión de privilegios en una institución correccional. Si los apelantes no hubiesen preterido el aludido cauce administrativo, este Foro estuviese en mejor posición para revisar la determinación final del ente administrativo, de

acuerdo con su *expertise* en aspectos de seguridad en las instituciones penales. Por todo lo anterior, desestimamos el recurso de apelación por falta de jurisdicción.

**IV.**

Por las razones que anteceden, se desestima el recurso por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente.**

El DCR deberá entregar copia de la presente *Sentencia* a los señores Santana Báez y Román Ortiz en cualquier institución donde se encuentren recluidos.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones